IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 9-35 |
| v. | ) CV No. 12-815 |
| | ) |
| JOHN R. CHAFFO, JR. | ) |

## OPINION AND ORDER

### SYNOPSIS

In this action, a jury convicted Defendant of committing wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §1349 and §1343.  He was sentenced on December 7, 2010 to a term of 57 months of imprisonment, followed by three years of supervised release. On appeal, the Court of Appeals affirmed his conviction and sentence.  Presently before the Court is Defendant's Motion pursuant to 28 U.S.C. §2255.   For the following reasons, the Motion will be denied.

### OPINION

## I. APPLICABLE STANDARDS

### A.  Section 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United

States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

### B. Ineffective Assistance of Counsel

Under applicable standards, Defendant must meet a two-pronged test: "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." Rolan v. Vaughn, 445 F.3d 671, 681 (3d Cir. 2006). These standards apply to both appellate and trial counsel. Lusick v. Palakovich, 270 Fed. Appx. 108, 110 (3d Cir. 2008).

To meet the first prong, a defendant must first show that counsel's performance fell below "the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. To meet the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

## II. DEFENDANT'S MOTION

Presently, Defendant raises two challenges. The first of these involves counsel's failure to object to the introduction of the elements of "honest services fraud"—i.e., the Government's reference to fiduciary duties -- rather than the elements of wire fraud. The Court of Appeals, however, rejected as meritless Defendant's assertion that the jury may have relied on an alternative theory of guilt. It also explicitly rejected the contention that the Government's mention of fiduciary duties converted the object of his fraud to honest services. As the Court of Appeals stated:

> First, Chaffo was indicted, tried and convicted solely under the wire fraud statute, and therefore his assertion that the jury may have relied on an alternative theory of guilt is simply not supported by the record. Second, Chaffo mistakenly assumed that the Government's mention of fiduciary duties converts the object of his fraud from money or property, as is required under § 1343, to honest services. However, the Government based its case on the funds Chaffo received via wire transfers in connection with the property sales at issue and the financial losses of the victims. Therefore, Chaffo's argument must be rejected.

Thus, I decline to reconsider these issues. If I were to do so, I would reach the same conclusion as the Court of Appeals. There are no grounds for finding that counsel's conduct with respect to these questions was in any way deficient.

Next, Defendant challenges counsel's failure to contest various aspects of the proof and calculation of loss for sentencing purposes. He contends that counsel was ineffective when he failed to argue that the loss should have been based on Defendant's gain resulting from the offense, rather than the loss to victims. As a related matter, Defendant contends that counsel failed to properly deal with the Government's failure to proffer appraisal evidence, because the

Government relied on the theory that the wire fraud conspiracy and loss involved artificially inflated sales prices.[1]

Under USSG § 2B1.1, gain resulting from an offense shall be used "as an alternative measure of loss <u>only if</u> there is a loss but it reasonably cannot be determined." USSG § 2B1.1 cmt. n. 3 (emphasis added). The government must prove loss by a preponderance of the evidence, after which the burden shifts to the defendant. <u>United States v. O'Malley</u>, 2012 U.S. App. LEXIS 19125, at *5 (3d Cir. Sept. 12, 2012). As I indicated at sentencing, the Court "need only make a reasonable estimate of the loss…based on available information." <u>Id.</u>

In this case, the Government thoroughly explained to the Court and the parties how it arrived at its proffered lost estimates. Moreover, it is appropriate to base loss calculations on undisputed facts in the presentence report pursuant to U.S.S.G. § 2B1.1; it is not required to be based on a particular type of evidence proffered at sentencing or trial. <u>See</u>, <u>e.g.</u>, <u>United States v. Diaz</u>, 176 Fed. Appx. 858 (9th Cir. 2006); <u>United States v. Saunders</u>, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003); <u>United States v. Tucker</u>, No. 98-4509, 1999 U.S. App. LEXIS 672 (4th Cir. Jan. 20, 1999). As the Government recounts, defense counsel objected to the loss calculation in connection with the sentencing factors; sought a downward departure and variance, based in part on his loss calculations; and argued against the Government's loss calculations at the sentencing hearing. Defense counsel obtained and provided to the Court evidence regarding the valuations of each of the subject properties. The Government argued for a loss range between 2.5 and 7 million; based on defense arguments and evidence, I determined a loss of less than 2.5 million, which reduced the sentencing increase. Despite the Government's failure to produce an assessor's testimony or appraisals at trial, this simply was not a case in which an alternative

---

[1] He also contends that counsel "caused" him to prepare the statement of loss without proper guidance. Because he does not further support this contention in his supporting Memorandum, I am unclear as to whether he intends to challenge conduct in addition to that discussed in the body of the Opinion.

measure of loss was required.  Instead, I was able to reasonably determine the loss amount under applicable standards.  Counsel's conduct with respect to the loss, and his failure to argue that Defendant's gain was the proper measure, patently did not fall below an objective standard of reasonableness.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  For the reasons stated above,   Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, counsel was not ineffective within the meaning of applicable standards, as charged by Defendant.  This matter presents neither a fundamental defect which inherently resulted in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.  Further, there are no grounds for the issuance of a certificate of appealability.  Thus, Defendant's Motion will be denied.  An appropriate Order follows.

## ORDER

AND NOW, this 18th day of October, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion pursuant to Section 2255 [126] is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge